IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**UNITED STATES OF AMERICA**

       Plaintiff,

    v.

**RONALD CANEPA JR.,**

       Defendant.

_____

No. 1:20-CR-00035-MC

OPINION AND ORDER

**MCSHANE, Judge**:

Defendant Ronald Canepa moves to reduce his sentence under 18 U.S.C. § 3582(c)(1)(A)(i). Def.'s Mot. Reduce Sent. 1, ECF No. 64. Because Mr. Canepa fails to demonstrate he is not a danger to the community, his motion is DENIED.

## **LEGAL STANDARD**

Congress, through the First Step Act, amended 18 U.S.C. § 3582(c)(1)(A) to allow a defendant to file a motion directly with the district court for compassionate release after exhausting all administrative remedies. The Court may reduce a defendant's sentence after considering the applicable section 3553(a) factors if:

    (i) extraordinary and compelling reasons warrant such a reduction; or

    (ii) the defendant is at least 70 years of age, has served 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the BOP that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g);

    (iii) and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

1 – OPINION AND ORDER

18 U.S.C. § 3582(c)(1)(A).

Congress intended that the Sentencing Commission ultimately define "extraordinary and compelling reasons" through issued policy statements. *United States v. Aruda*, 993 F.3d 797, 800 (9th Cir. 2021) (per curiam). But "the Sentencing Commission has not yet issued a policy statement 'applicable' to § 3582(c)(1)(A) motions filed by a defendant." *Id.* at 802. While U.S.S.G. § 1B1.13 is non-binding, the Sentencing Commission statements therein "may inform a district court's discretion" regarding defendant-filed compassionate release motions. *Id.* (citing *United States v. Gunn*, 980 F.3d 1178, 1180 (7th Cir. 2020)). U.S.S.G. § 1B1.13(2) advises courts against reducing the sentences of defendants who would endanger the community. *See United States v. Blick*, No. CR17-0216-JCC, 2021 WL 1313110, at *1 (W.D. Wash Apr. 8, 2021) (concluding that consideration of the guideline statement is appropriate when considering a motion for compassionate release).

## DISCUSSION

The Court sentenced Mr. Canepa to 72 months' imprisonment on September 22, 2021. J. 1-2, ECF No. 57. He was convicted on Count 1 of the indictment, Possession with Intent to Distribute Methamphetamine. J. 1. Mr. Canepa has a projected release date of October 20, 2025. Gov.'s Resp. to Def.'s Mot. 3, ECF No. 66. He now requests compassionate release from Bureau of Prisons (BOP) custody at FCI Sheridan in Sheridan, Oregon. Def.'s Mot. 2.

Courts look to the the existence of an extraordinary and compelling reason when considering compassionate release. 18 U.S.C. § 3582(c)(1)(A). Here Mr. Canepa has a strong case. His wife, Rosalee Canepa, is 75 years old and is in poor health. Def.'s Mot. 75. She has arthritis, congestive heart failure, chronic obstructive pulmonary disease, heart disease, and anxiety. *Id.* She has had multiple heart surgeries and has difficulty seeing and hearing. *Id.* at 13. After Mr. Canepa was incarcerated, Ms. Canepa was no longer able to remain in the trailer that the two had lived in,

2 – OPINION AND ORDER

and she became homeless. *Id.* at 11. She began renting a bed a from a "friend of a friend," but on April 25, 2023, she was assaulted by the renter's son. *Id.* at 12. The defense investigator was able to secure her a bed at a homeless shelter, but it was only temporary. *Id.* Ms. Canepa is once again staying with friends of friends and lacks transportation. *Id.* at 13. Without regular access and transportation to health care services, she has been in the emergency room numerous times in recent months. *Id.* at 12-13. Understandably, Mr. Canepa is concerned about his wife's health and living situation. All things equal, the Court would consider early release to allow Mr. Canepa to care for his wife.

But I cannot find that all things are equal. As noted above, the Sentencing Commission's policy advises against release when the defendant is "a danger to the safety of any other person or to the community, as provided in 18 U.S.C. § 3142(g)." USSG § 1B1.13(a)(2). Mr. Canepa is incarcerated for a serious crime, and he has a decades-long criminal history. His present offense involved both controlled substances and a firearm. Gov.'s Resp. to Def.'s Mot. 10. Direct surveillance demonstrates that he left his residence to sell methamphetamine to an informant. *Id.* The subsequent search identified drugs on his person and a prohibited firearm in his bedroom. *Id.* This arrest occurred while he was on abscond status from his parole involving two earlier felonies. *Id.*

Mr. Canepa's record dates back 40 years and includes numerous convictions for drug trafficking and firearm possession. *Id.* at 7-8. As the Government notes, the bulk of his convictions, and those that are most serious, have occurred in more recent years. *Id.* at 9. For example, in 2013 he was convicted on Felon in Possession charges after being found with 23 firearms, including a short-barreled shotgun. *Id.* at 8. In 2018, he was convicted again on Felon in Possession charges

after being found with both a 9mm handgun and a 12-guage shotgun. *Id.* Mr. Canepa's criminal thinking is not receding with age.

Mr. Canepa argues that his sentence was inappropriately classified as a career offender. Yet, as the Government notes, his 72-month sentence is more than three years shorter than the low-end of the non-career offender range. *Id.* at 7. Mr. Canepa also points to his recovery and treatment efforts while on pretrial release. Def.'s Mot. 8-9. While the Court commends Mr. Canepa for bettering himself, it must be balanced against the nature of his most recent offense, and his decades-long pattern of dangerous offenses. Taken together, these factors weigh in favor of the Government's request that Mr. Canepa serve the remainder of his sentence.

## **CONCLUSION**

Mr. Canepa's Motion for Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A)(i) is DENIED.

IT IS SO ORDERED.

DATED this 12th day of December, 2023.

**/s/ Michael McShane**
Michael J. McShane
United States District Judge

4 – OPINION AND ORDER